UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF WESTWOOD, WESTWOOD PUBLIC SCHOOLS, WESTWOOD SCHOOL COMMITTEE, JOHN ANTONUCCI, EMILY PARKS, SEAN BEVAN and KARL FOGEL, <br><br> Defendants. | Civ. Action No. 14-cv-13241 |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                     **January 5, 2015**

## I.    Introduction

Thomas Davis ("Davis") filed this lawsuit against the Town of Westwood; the Westwood Public Schools; the Westwood School Committee; John Antonucci, the superintendent of the Westwood Public Schools; Emily Parks, the principal of Westwood High School; Sean Bevan, the assistant principal of Westwood High School; and Karl Fogel ("Fogel"), the athletic director at Westwood High School (collectively, the "Defendants"). D. 1-1 (the first amended complaint ("FAC")). In the FAC, Davis alleged that the Defendants violated his federal constitutional rights to due process and equal protection, defamed him, tortiously interfered with his contractual relations and negligently inflicted emotional distress. Id. ¶¶ 43-49, 50-53, 59-64. Davis further contends that Fogel committed assault and battery on him, id. ¶¶ 54-55, and that all

1

the Defendants except for Fogel negligently retained Fogel in his position of athletic director, id. ¶¶ 56-58. Pursuant to a stipulation, Davis agreed to the dismissal with prejudice of his claims for violation of due process (Count I), negligent retention (Count V) and negligent infliction of emotional distress (Count VII) as to all Defendants except Fogel. D. 20. Fogel has now moved to dismiss the claims against him. D. 11. Davis does not contest dismissal of his claims against Fogel for defamation (Count III) and for tortious interference with contractual relations (Count VI). For the reasons stated below, the Court ALLOWS Fogel's motion to dismiss as to the constitutional claims, without prejudice as to the equal protection claim which Davis may have leave to amend, and DENIES his motion as to the remaining claims against Fogel for assault and battery (Count IV) and negligent infliction of emotional distress (Count VII).

## II. Standard of Review

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court will dismiss a complaint that fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a plausible claim, a complaint is not required to contain detailed factual allegations, but it must recite facts sufficient to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original). A complaint must contain sufficient factual matter that, accepted as true, allows the Court "to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. However, "[i]n determining whether a [pleading] crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.' . . . This context-specific inquiry does not demand 'a high degree of factual specificity.'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (internal citations omitted).

## III. Factual Background

The following factual allegations are drawn from the FAC and, as required, are accepted as true for this motion. Davis served as the head coach of the boys' cross country and track and field teams at Westwood High School from October 2009 until his termination on April 29, 2011. D. 1-1 ¶ 9. Members of both teams ran shirtless on a regular basis, a practice that was not barred by any rule. Id. ¶¶ 19, 23, 31. In March 2011, Fogel told Davis that some girls had complained that the boys were permitted to run shirtless. Id. ¶ 31. A few days later, Fogel allegedly "angrily approached and verbally assaulted" a member of one of the teams, apparently because he was running without a shirt. Id. ¶ 32.

On April 29, 2011, Davis told the members of the track and field team that they risked being barred from the team if they ran shirtless. Id. ¶ 35. Despite that admonition, one of the athletes removed his shirt during practice. Id. In response, Fogel allegedly "recklessly entered the track at full speed in his Westwood High School appointed golf cart" and confronted the athlete and then Davis. Id. "[I]n an abusive and uncontrollable manner, Fogel stormed at Davis, putting his chest to Davis's, while yelling and waving his hands around and spit leaving his mouth and landing on Davis's body." Id. Fogel then allegedly "yelled at the top of his lungs" that Davis was fired. Id. On May 2, 2011, Davis received a formal notice of termination of his employment. Id. ¶ 36.

**IV.** **Procedural History**

Davis instituted this action in Norfolk Superior Court. D. 8 at 1. The Defendants subsequently removed the suit to this Court. D. 1. The Court held a hearing on Fogel's pending motion to dismiss, D. 11, and took the matter under advisement. D. 27.

**V.** **Discussion**

**A.** **Due Process Claim (Count I)**

Since the filing of the complaint, Davis and all of the Defendants except Fogel stipulated to the dismissal of some claims, including Davis's due process claim (Count I). D. 20. Although this stipulation would appear to leave the due process claim in place as to Fogel, at the motion hearing, Davis's attorney clarified that Davis had dropped the due process claim as to Fogel as well.[1] In light of that clarification, Count I is hereby dismissed.

**B.** **Equal Protection Claim (Count II)**

Fogel argues that Davis's claim for violation of his equal protection rights must be dismissed because he asserts it directly instead of under 42 U.S.C. § 1983.[2] D. 12 at 5. Section 1983 creates a cause of action against any person who, under color of law, deprives a citizen of the "rights, privileges or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Although Davis does not mention Section 1983 in his FAC, the parties' memoranda regarding Fogel's motion to dismiss indicate that they both understand his intention to avail himself of the rights conferred by Section 1983. D. 12 at 5; D. 14 at 2-3. The Court, therefore, construes Count II as a claim brought pursuant to Section 1983.

---

[1] Davis's attorney then also confirmed that the only remaining counts asserted against Fogel are Counts II, IV and VII.

[2] Fogel's previous counsel also argued that Davis failed to file his constitutional claims within the applicable three-year statute of limitations. D. 12 at 6-7. Fogel's current counsel abandoned that argument at the hearing on the motion and, accordingly, the Court need not address it.

Davis does not allege class-based discrimination as the basis for his equal protection claim. Instead, Davis asserts that "other similarly situated individuals were given due process prior to any disciplinary actions." D. 1-1 ¶ 47. This "class-of-one" theory of equal protection requires a plaintiff to allege that he "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Brothers v. Town of Millbury, No. 14-10122-TSH, 2014 WL 4102436, at *5 (D. Mass. Aug. 14, 2014) (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). The Supreme Court, however, has held that "the class-of-one theory of equal protection has no application in the public employment context." Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591, 594-95, 607 (2008) (holding equal protection clause inapplicable to claim by former state employee that she had effectively been laid off "not because she was a member of an identified class . . . but simply for arbitrary, vindictive and malicious reasons") (internal quotation marks omitted); Dacosta v. Town of Plymouth, No. 11-12133-MBB, 2014 WL 2998986, at *13 (D. Mass. July 1, 2014) (relying on Engquist to allow summary judgment on an equal protection claim in context of plaintiff's public employment); Balboni v. Town of Plymouth, No., 07-12296-RGS, 2009 WL 3754401, at * 3 (D. Mass. Nov. 6, 1999) (same). This rule recognizes that "government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large." Engquist, 553 U.S. at 599. The equal protection clause is not implicated where, as here, "government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner." Id. at 605. "[R]atifying a class-of-one theory of equal protection in the context of public employment would impermissibly constitutionalize the employee grievance. The federal court is

not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." Id. at 609 (internal quotations and citations omitted).

Because, as presently pled, Davis's equal protection claim asserts a class-of-one theory in the context of his employment by a public entity (the Town of Westwood, the Westwood Public Schools, or the Westwood School Committee), D. 1-1 ¶ 9, this claim shall be dismissed without prejudice. If, however, Davis seeks leave to amend this claim, as his counsel indicated at the hearing he would like to have leave to do, and if such amendment would cure this deficiency, Davis may have leave to amend this claim as to the Defendants. If he seeks to amend Count II, Davis must file an amended complaint by no later than January 20, 2015.

### C. Remaining Claims against Fogel

Davis does not oppose dismissal of his claims for defamation (Count III) and tortious interference with contractual relations (Count VI). D. 14 at 5, 6. The remaining claims in the FAC against Fogel, therefore, are claims for assault and battery (Count IV) and negligent infliction of emotional distress (Count VII). The Court shall now address each of these claims in turn.

#### 1. Assault and Battery (Count IV)

Davis alleges that "Fogel intentionally and unjustifiably used force upon [him]" resulting in "significant harm." D. 1-1 ¶¶ 54-55. "An assault and battery is the intentional, unprivileged, unjustified touching of another with such violence that bodily harm is likely to result." Commonwealth v. Dixon, 34 Mass. App. Ct. 653, 654 (1993). An assault and battery occurs when "(1) a defendant acts intending to cause a harmful or offensive contact with the plaintiff, or an imminent apprehension of such contact; and (2) a harmful contact with the plaintiff directly or indirectly results." Serrano v. Mass. Dep't of Soc. Serv., No. 022538A, 2007 WL 1631010, at *

12 (Mass. Super. May 8, 2007). Davis describes Fogel as having acted in an "abusive and uncontrollable manner," "storm[ing]" at him while "yelling and waving his hands" and "yell[ing] at the top of his lungs." D. 1-1 ¶ 35. Davis further alleges that Fogel "put[] his chest to Davis's." D. 1-1 ¶ 35. Those allegations plausibly plead intent to cause a harmful or offensive contact or the imminent apprehension of such contact. It can be inferred from the allegations that the chest to chest contact was harmful and the nature and extent of that harm is an appropriate issue for discovery. Accordingly, the Court denies the motion to dismiss as to this claim against Fogel.

### 2. *Negligent Infliction of Emotional Distress (Count VII)*

Fogel's final argument is that he is immune from liability for negligence and thus Davis's claim for negligent infliction of emotional distress fails. Under the Massachusetts Tort Claims Act ("MTCA") "no . . . public employee . . . shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment." Mass. Gen. L. c. 258, § 2. The issue is whether Davis alleges that Fogel was acting within the scope of his employment. If Fogel was acting within the scope of his position as athletic director, then he is shielded from liability. If Fogel's actions were outside the scope of his employment, the MTCA does not apply.

At this early stage of litigation when the Court must accept the allegations in the FAC as true, it may be inferred that Davis contends Fogel was acting beyond the scope of his job when he terminated Davis. "An employee's conduct is within the scope of his employment if (1) it is the kind the employee was hired to perform; (2) it occurs within authorized time and space limits; and (3) it is motivated, at least in part, by a purpose to serve the employer." McIntyre v. U.S., 545 F.3d 27, (1st Cir. 2008) (citing Wang Labs., Inc. v. Bus. Incentives, Inc., 398 Mass.

7

854, 859 (Mass. 1986)). "The fact that the servant acts in an outrageous manner or inflicts a punishment out of all proportion to the necessities of his master's business is evidence indicating that the servant has departed from the scope of employment in performing the act." Nichols v. Land Transp. Corp., 223 F.3d 21, 23 (1st Cir. 2000) (citing Restatement (Second) of Agency § 245, comment f). From Fogel's outburst as alleged in the FAC, an aggressive confrontation involving an alleged assault and battery occurred between this defendant and Davis and it can be reasonably inferred that Fogel's conduct was not the kind he was hired to perform. Such conduct can be construed as outrageous or out of proportion to the necessity of the situation and thus plausibly supports the contention that Fogel was acting outside the scope of his employment. In addition, the confrontation allegedly occurred after school in the track area, D. 1-1 ¶ 35, raising the question of authorized time and space limits. The Court cannot conclude on the present record that Fogel is immune from liability for this claim of negligence and since Fogel does not challenge this claim on any other grounds, D. 12 at 12-13, this claim survives the motion to dismiss.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Fogel's motion to dismiss, D. 11, as to Count I (due process), Count III (defamation) and Count VI (tortious interference) with prejudice and Count II (equal protection) without prejudice. If Davis chooses to amend the complaint as to Count II, the equal protection claim, he must do so by filing an amended complaint by no later than January 20, 2015. Fogel's motion to dismiss is DENIED as to Count IV (assault and battery) and Count VII (negligent infliction of emotional distress).

So Ordered.

                                              /s/ Denise J. Casper
                                              United States District Judge